LAND, Justice.
 

 Defendant appeals from a sentence of not less than ten nor more than fifteen years in
 
 *405
 
 the State Penitentiary on a conviction of manslaughter.
 

 The record presents for our review a single bill of exceptions reserved by defendant to the action of the trial judge in overruling a motion for new trial.
 

 On the trial of this case, a juror, a member of the regular venire, was examined by defendant’s counsel on his voir dire as to his Qualifications, and was asked the question whether or not proof of the fact that defendant, charged with murder, had been guilty of engaging in the illicit liquor traffic, would create any bias or prejudice in his mind against ¡her, or in any way would influence him in arriving at his verdict.
 

 At the request of defendant; the examination of the juror made by counsel for defense, counsel for the state, and by the court was taken down by a deputy clerk of the court.
 

 At the conclusion of the examination on his voir dire, the juror was challenged for cause by defendant. The objection of defendant was overruled by the trial judge, and the juror was then peremptorily challenged by defendant and excluded from the panel.
 

 The note of evidence taken on the examination of the juror on his voir dire has been lost, without fault upon the part of defendant. It is contended in the motion for new trial that, without such note of evidence, it is impossible to prepare a proper bill of exception and submit to the Supreme Court on appeal the testimony necessary to pass upon the correctness or incorrectness of the ruling of the trial judge, and that, therefore, the verdict should be set aside and a new trial granted.
 

 Counsel for the state, however, admits, for the sake of argument, that the action of the! trial judge was erroneous in overruling the challenge for cause made by defendant of the juror in question; but contends that this error was cured by the subsequent action of the court during the course of the impanelment of the jury.
 

 The record shows that defendant used her sixth peremptory challenge to exclude the juror, after defendant’s challenge for cause had been overruled.
 

 In the per curiam to this bill it is stated;
 

 “After the attorney for defendant had exhausted his last challenge, I told him that while I knew my ruling (denying the challenge for cause) was correct, I would withdraw it, and did withdraw it,
 
 and granted him another challenge, and he used it,
 
 and I stated to him at the time that it was not my intention to deprive him of his right to take a bill of exceptions if he felt that he had been prejudiced.”
 

 Conceding that an error may have been committed by the trial judge in overruling the challenge for cause, our conclusion is that this error was cured by the subsequent withdrawal of this ruling and the restoration toi defendant by the court of her full quota of twelve challenges in the selection of the jury that tried the case before the jury was sworn.
 

 Under the circumstances of this particular case, the loss of the note of evidence is of no moment. Nor do we find that any prejudice resulted to the rights of defendant by reason of the action of the court in overruling the challenge for cause in the first instance.
 

 The conviction and sentence are, therefore, affirmed.